**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CATHERINE M. DOUGLAS, | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-08432 |
| SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES; EQUIFAX INFORMATION SERVICES LLC and TRANS UNION LLC, | |
| Defendants. | |

## COMPLAINT

NOW COMES CATHERINE M. DOUGLAS, through counsel, SULAIMAN LAW GROUP, LTD., complaining of SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES; EQUIFAX INFORMATION SERVICES LLC and TRANS UNION LLC, as follows:

## NATURE OF THE ACTION

1.      Plaintiff is seeking damages for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. as well as BSI Financial Services' violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      CATHERINE M. DOUGLAS ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

1

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

7.    Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

8.    SERVIS ONE, INC. D/B/A BSI FINANCIAL SERVICES ("BSI Financial") is a corporation organized under the laws of Delaware.

9.    BSI Financial has its principal place of business at 1425 Greenway Drive, Suite 400, Irvine, Texas 75038.

10.   BSI Financial is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of BSI Financial's business is the collection of debt.

11.   BSI Financial is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12.   BSI Financial is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

13.   EQUIFAX INFORMATION SERVICES LLC ('Equifax") is a limited liability company organized under the laws of Georgia.

14.   Equifax has its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309

15.   Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

16.   Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

17.   TRANS UNION LLC ('Trans Union") is a limited liability company organized under the laws of Delaware.

18.   Trans Union has its principal place of business at 555 West Adams Street, Chicago, Illinois 60661.

19.     Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

20.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

21.     On March 31, 2011, Plaintiff executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Vision Mortgage Group.

22.     The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $231,600.00 (the "Loan").

23.     The Loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     The Mortgage secured the purchase of Plaintiff's principal residence located at 1103 East 15th Street, Lombard, Illinois 60148 (the "Property").

25.     On November 9, 2011, MERS executed an Assignment of Mortgage in favor of Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("Bank of America, N.A.").

26.     On November 5, 2012, Bank of America, N.A. executed an Assignment of Mortgage in favor of Secretary of Housing and Urban Development ("HUD").

27.     On December 6, 2012, HUD executed an Assignment of Mortgage in favor of Bayview Loan Servicing, LLC.

28.     On October 1, 2013, Plaintiff defaulted on the Mortgage by failing to make monthly installments due under the Loan.

29.     On November 30, 2015, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

3

30. On March 10, 2016, Bayview Loan Servicing, LLC filed a proof of claim (Claim #3-1).

31. In its proof of claim, Bayview Loan Servicing, LLC stated that it held a secured claim for $277,943.71 and further stated the amount needed to cure default was $31,856.21.

32. The confirmed Chapter 13 Plan, dated March 24, 2016 (the "The Confirmed Plan"), provided:

33. The Confirmed Plan provides:

■ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section E.** *Disbursements by the trustee.* The trustee shall disburse payments received from the debtor under this plan as follows:

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

(a) To Creditor: **Bayview Financial Loan**, monthly payments of **$1,216.13**. These payments, over the term of the plan, are estimated to total **$72,967.80**.

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

4

(a)  To Creditor: **Bayview Financial Loan**, arrears of **$31,856.21**, payable monthly from available funds, pro rata with other mortgage arrears, ■ without interest /or/ □ with interest at an annual percentage rate of ____%.  These arrearage payment, over the term of the plan, are estimated to total **$31,856.21**.

**Section G.  *Special terms*.**  Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures.  The provisions will not be effective unless there is a check in the notice box preceding Section A.

## Special Terms [*as provided in Paragraph G*]

2.  Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages; to deem the prepetition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the monthly in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. § 524(i).

34.     On November 21, 2017, servicing rights to Plaintiff's Mortgage were transferred to BSI Financial.

35.     From May 13, 2016 to December 8, 2017, Chapter 13 Trustee made $32.150.80 in current mortgage disbursements to Bayview Loan Servicing, LLC on Claim #3-1.

36.     From May 13, 2016 to March 9, 2018, Chapter 13 Trustee made $10,982.24 in mortgage arrears disbursements to Bayview Loan Servicing, LLC on Claim #3-1.

37.     From January 12, 2018 to August 9, 2019, Chapter 13 Trustee made $25,655.08 in current mortgage disbursements to BSI Financial on Claim #3-1.

38.     From June 8, 2018 to June 14, 2019, Chapter 13 Trustee made $10,709.84 in mortgage arrears disbursements to BSI Financial on Claim #3-1.

39.     On or around July 1, 2019, Plaintiff viewed her Equifax credit report.

40.     Plaintiff discovered BSI Financial reporting Plaintiff's "Account Status" as closed.

41.     Plaintiff discovered BSI Financial was not reporting Plaintiff's "Monthly Payment."

42.     Plaintiff discovered BSI Financial was not reporting Plaintiff's "Balance."

43.     Plaintiff discovered BSI Financial reporting Plaintiff's "Date of Last Payment" as April 1, 2019.

44.     On or around July 1, 2019, Plaintiff likewise viewed her Trans Union credit report.

45.     Plaintiff discovered BSI Financial reporting Plaintiff's "Account Status" as open-derogatory.

46.     Plaintiff discovered BSI Financial reporting Plaintiff's "Monthly Payment" as zero.

47.     Plaintiff discovered BSI Financial reporting Plaintiff's "Balance" as zero.

48.     Plaintiff discovered BSI Financial reporting Plaintiff's "Date of Last Payment" as March 15, 2019.

49.     On July 1, 2019, Plaintiff mailed a credit dispute letter to Equifax and Trans Union by First-Class Mail®.

50.     Plaintiff's credit dispute letter voiced Plaintiff's concerns, included proofs of payments made and requested Equifax and Trans Union review and correct BSI Financial's incomplete reporting.

51.     Equifax received and promptly notified BSI Financial of Plaintiff's credit dispute by sending an automated consumer dispute verification form ("ACDV").

6

52.    Trans Union likewise received and promptly notified BSI Financial of Plaintiff's credit dispute by sending an ACDV.

53.    Plaintiff did not receive dispute results from Equifax or investigation results from Trans Union.

54.    Accordingly, on or around August 5, 2019, Plaintiff viewed her Equifax and Trans Union credit report.

55.    Regrettably, BSI Financial continued to furnish/provide incomplete information to both Equifax and Trans Union.

56.    Plaintiff's Equifax credit report merely updated Plaintiff's "Date of Last Payment" as June 1, 2019.

57.    Plaintiff's Trans Union credit report did not change.   Nor was Plaintiff's credit dispute mentioned/referenced.

58.    To date, BSI Financial continues to transmit incomplete information pertaining to Plaintiff's Loan to Equifax and Trans Union.

59.    Specifically, Defendants continue to suppress Plaintiff's good credit (i.e., history of payments to BSI Financial by Chapter 13 Trustee).

60.    Defendants' continued incomplete reporting produces a materially misleading impression that Plaintiff has not made payments to BSI Financial despite BSI Financial's receipt of current mortgage payments (as well as mortgage arrears payments) from Chapter 13 Trustee owed on Plaintiff's Loan.

61.    Accordingly, Plaintiff continues to be harmed by Defendants' incomplete reporting of Plaintiff's Loan.

62.     Defendants' incomplete credit reporting has resulted in anxiety, expenditure of monies (in form of postage), expenditure of time, as well as mental anguish.

63.     Defendants' incomplete credit reporting has rendered Plaintiff helpless to regain control of her credit standing and creditworthiness.

64.     As result, Plaintiff is forced to file this case to compel Defendants to report Plaintiff's Loan completely.

## CLAIMS FOR RELIEF

### Count I:
### BSI Financial's violation(s) of 15 U.S.C. § 1681 *et seq.*

65.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

66.     The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.      BSI Financial's failure to conduct an investigation**

67.     15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

> (A)     Conduct an investigation with respect to the disputed information;

> (B)     Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

> (C)     Report the results of the investigation to the consumer reporting agency;

> (D)     If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the

information and that compile and maintain files on consumers on a nationwide basis; and

(E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

        (i)    Modify that item of information;

        (ii)    Delete that item of information; or

        (iii)    Permanently block the reporting of that item of information.

68.    Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), BSI Financial received Plaintiff's credit dispute from Equifax as well as TransUnion.

69.    BSI Financial violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

70.    BSI Financial violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax as well as TransUnion.

71.    Had BSI Financial conduced a reasonable investigation, it would have discovered that Plaintiff's Loan remained open.

72.    Had BSI Financial conducted a reasonable investigation, it would have discovered the Chapter 13 Trustee was making monthly principal and interest payments to BSI Financial.

73.    BSI Financial violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax and TransUnion.

74.    BSI Financial violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify; delete; or permanently block the reporting of that item of information.

75.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

      (A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

76.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

77.     BSI Financial's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find BSI Financial in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.     award any actual damages to Plaintiff as a result of BSI Financial's violation;

10

C.    award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.    award any punitive damages, as the Court may allow;

E.    award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.    award such other relief as this Court deems just and proper.

**Count II**
**Equifax's violation(s) of 15 U.S.C. § 1681 *et seq.***

78.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.    Equifax's failure to follow reasonable procedures**

79.    Section 1681e(b) requires credit reporting agencies such as Equifax to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

80.    Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

81.    Upon information and belief, on multiple and numerous occasions, Equifax prepared patently inaccurate/incomplete consumer reports concerning Plaintiff.

82.    Upon information and belief, Equifax furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

**B.    Equifax's failure to conduct a reasonable investigation**

83.    Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in his credit report, conduct a "reasonable

11

reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

84.     Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's dispute.

85.     Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the dispute to BSI Financial before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's dispute.

86.     Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's dispute.

87.     Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

88.     Equifax violated 15 U.S.C. § 1681c(f) by failing to indicate Plaintiff's dispute in each consumer report that includes the disputed information.

89.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

12

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

90.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

91.     Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find Equifax in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B.     award any actual damages to Plaintiff as a result of Equifax's violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

13

F.      award such other relief as this Court deems just and proper.

**Count III**
**TransUnion's violation(s) of 15 U.S.C. § 1681 *et seq.***

92.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.      TransUnion's failure to follow reasonable procedures**

93.     Section 1681e(b) requires credit reporting agencies such as TransUnion to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

94.     TransUnion violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

95.     Upon information and belief, on multiple and numerous occasions, TransUnion prepared patently inaccurate/incomplete consumer reports concerning Plaintiff.

96.     Upon information and belief, TransUnion furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

**B.      TransUnion's failure to conduct a reasonable investigation**

97.     Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in his credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

98.     TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which TransUnion received Plaintiff's dispute.

14

99.     TransUnion violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the dispute to BSI Financial before the expiration of the 5-business-day period beginning on the date on which TransUnion received Plaintiff's dispute.

100.    TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which TransUnion received Plaintiff's dispute.

101.    TransUnion violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

102.    TransUnion violated 15 U.S.C. § 1681c(f) by failing to indicate Plaintiff's dispute in each consumer report that includes the disputed information.

103.    15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

       (B)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(4)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

104.    15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(3)     any actual damages sustained by the consumer as a result of the failure; and

(4)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

105.    TransUnion's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find TransUnion in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B.     award any actual damages to Plaintiff as a result of TransUnion's violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.     award such other relief as this Court deems just and proper.

**Count IV:**
**BSI Financial's violation(s) of 15 U.S.C. § 1692 *et seq.***

106.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692e(8)**

16

107.    Section 1692e provides:

A debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(8)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

108.    BSI Financial violated 15 U.S.C. § 1692e(8) by knowingly reporting incomplete credit information to Equifax and Trans Union.

109.    BSI Financial further violated 15 U.S.C. § 1692e(8) by failing to report Plaintiff's Loan as "disputed" to Trans Union.

110.    Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(8) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

(A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find that BSI Financial violated 15 U.S.C. § 1692e(8);

B.    award any actual damage sustained by Plaintiff as a result of BSI Financial's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C.    award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.    award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.    award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 26, 2019                    Respectfully submitted,

                                            **CATHERINE M. DOUGLAS**

                                            By: */s/ Joseph S. Davidson*

                                            Mohammed O. Badwan
                                            Joseph S. Davidson
                                            SULAIMAN LAW GROUP, LTD.
                                            2500 South Highland Avenue
                                            Suite 200
                                            Lombard, Illinois 60148
                                            +1 630-575-8181
                                            mbadwan@sulaimanlaw.com
                                            jdavidson@sulaimanlaw.com

18